```
              UNITED STATES DISTRICT COURT
             SOUTHERN DISTRICT OF MISSISSIPPI
                     JACKSON DIVISION


SAMUEL BATTLE, ET AL.                                PLAINTIFFS


VS.                              CIVIL ACTION NO. 3:05CV609LN


PRE-PAID LEGAL SERVICES, INC., ET AL.                 DEFENDANT
```

MEMORANDUM OPINION AND ORDER

This cause is before the court on the motion of plaintiffs to remand.  Defendant Pre-Paid Legal Services, Inc., Harland C. Stonecipher and Brooks Werkheiser have responded in opposition to the motion, and additionally have separately moved to strike the motion to remand as to plaintiff Beverly Thompson.  The court, having considered the memoranda of authorities submitted by the parties, concludes that the motion to strike is well taken as to Beverly Thompson, as to whom remand will therefore be denied.  The motion to remand will be granted as to the remaining plaintiffs.

This case was filed in state court by twenty-eight plaintiffs on February 22, 2002, seeking to recover damages for alleged breach of a prepaid legal services insurance policy.  On March 21, 2005, plaintiff Beverly Thompson filed a Chapter 7 bankruptcy petition, but in her bankruptcy papers, she failed to disclose the pendency of the lawsuit.  Upon discovery of this fact during Thompson's deposition on September 13, 2005, defendants removed the case on October 7, 2005 pursuant to 28 U.S.C. § 1452 on the

basis that this case is related to Thompson's bankruptcy case, see 28 U.S.C. § 1334.  It appears that just prior to her deposition, the bankruptcy trustee moved to reopen Thompson's bankruptcy case, which motion was granted by the bankruptcy court on September 29, on account of Thompson's failure to have disclosed her state court case to the bankruptcy court.

Plaintiffs moved to remand on the basis of mandatory abstention under 28 U.S.C. § 1334(c)(2), which states:

> Upon timely motion of a party in a proceeding based upon a State law claim or State law cause of action, related to a case under title 11 but not arising under title 11 or arising in a case under title 11, with respect to which an action could not have been commenced in a court of the United States absent jurisdiction under this section, the district court shall abstain from hearing such proceeding if an action is commenced, and can be timely adjudicated, in a State forum of appropriate jurisdiction.

Defendants responded by moving to strike the motion to remand as to Thompson, arguing that as a Chapter 7 debtor, she has no standing to pursue the claims herein and hence no standing to seek remand.  In the court's opinion, defendants are correct that Thompson lacks standing to pursue the claims herein against defendants.  Obviously, her claims arose prepetition, and as such, there is no doubt they are the property of her bankruptcy estate. See 11 U.S.C. § 541(a) (defining property of bankruptcy estate). The Fifth Circuit has consistently held that with respect to Chapter 7 proceedings, where "the claims are property of the bankruptcy estate, the Trustee is the real party in interest with

2

exclusive standing to assert them." Wieburg v. GTE Southwest Inc., 272 F.3d 302, 306 (5th Cir. 2001).[1]  Consequently, Thompson lacks standing to seek remand.

In addition to, or as an alternative to their contention that Thompson lacks standing, defendants have argued that Thompson is judicially estopped from pursuing any claims in this cause based on her failure to disclose these claims to the bankruptcy court. See In re Coastal Plains, Inc. v. Mims, 179 F.3d 197, 205, 207-08 (5th Cir. 1999)(invoking judicial estoppel to prevent party who failed to disclose claim in bankruptcy proceedings from asserting that claim after bankruptcy case was closed).  The court is not sufficiently apprised of the facts pertinent to Thompson's nondisclosure to evaluate whether judicial estoppel would apply; but since Thompson lacks standing in any event, this is not a matter with which the court need be concerned at this time.

---

[1]  Plaintiffs cite Reid v. Mississippi Farm Bureau Mutual Insurance Co., 299 B.R. 804 (S.D. Miss. 2003), in support of their argument that Thompson has standing despite the fact that her claims are the property of the bankruptcy estate.  However, Reid involved a Chapter 13 bankruptcy petition, and hence altogether different standing rules.  As this court explained in Beasley v. Personal Finance Corp.,
> Chapter 7 debtors . . . without question lose their standing to pursue prepetition causes of action upon filing petitions for bankruptcy.  The rule is different for Chapter 13 debtors, however.  A Chapter 13 debtor does not lose his right to sue upon filing his petition for bankruptcy.  Rather, a Chapter 13 debtor "retains possession of and may use all the property of his estate, including his prepetition causes of action."

279 B.R. 523, 526 (S.D. Miss. 2002)(citations omitted).

Defendants concede that the remaining plaintiffs do have standing to seek remand, though they implicitly urge the court to deny remand as to all the plaintiffs, not just as to Thompson. The court perceives no basis for retaining jurisdiction over the claims of these plaintiffs and accordingly, in the exercise of its discretion, will sever and remand their claims.

As for how to proceed from here, given that Thompson has no standing at this time to pursue the claims herein, the case could be dismissed. However, in the court's opinion, the better course is to provide the bankruptcy trustee an opportunity to respond and advise the court what action, if any, he desires to take with respect to the case.[2]

---

[2] If given notice of the claim, the trustee could elect to be substituted as plaintiff and seek to pursue the claims as trustee, or he could perhaps seek to abandon the claims, pursuant to 11 U.S.C. § 554, which provides as follows:
> (a) After notice and a hearing, the trustee may abandon any property of the estate that is burdensome to the estate or that is of inconsequential value and benefit to the estate.
> (b) On request of a party in interest and after notice and a hearing, the court may order the trustee to abandon any property of the estate that is burdensome to the estate or that is of inconsequential value and benefit to the estate.
> (c) Unless the court orders otherwise, any property scheduled under section 521(1) of this title not otherwise administered at the time of the closing of a case is abandoned to the debtor and administered for purposes of section 350 of this title.
> (d) Unless the court orders otherwise, property of the estate that is not abandoned under this section and that is not administered in the case remains the property of the estate.

Of course, should he decide to allow abandonment, the question

Accordingly, based on the foregoing it is ordered that the motion to remand is granted as to all plaintiffs except Beverly Thompson, as to whom the motion to strike the motion to remand is granted.  It is further ordered that the clerk of the court shall send a copy of this opinion to Randy G. McKee, Trustee for the bankruptcy estate of Beverly Thompson, at 206 West Pearl Street, Suite 510, Jackson, Mississippi 39201, and that by February 23, 2006, the trustee shall notify this court whether he desires to be substituted as the party plaintiff.

SO ORDERED this 9th day of February, 2006.

/s/ Tom S. Lee
UNITED STATES DISTRICT JUDGE

---

whether Thompson should be judicially estopped from pursuing the claims would re-emerge.